ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARÍA L. ELVINSSON, FABIANA GUIMARAES ESPÍNDOLA Y FERNANDO J. CALDERON JULIÁ<br><br>Recurrentes<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES, AZURE DEVELOPMENT, INC. Y MUNICIPIO DE LUQUILLO<br><br>Recurridos | KLRA202400682 | *Revisión* procedente del Departamento de Recursos Naturales y Ambientales<br><br>Sobre: Solicitud de deslinde<br><br>Caso Núm.: 24-224-AG<br><br>Certificación O-AG-CER02-PO-00038-29122022 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Campos Pérez y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparecieron los recurrentes, la señora María L. Elvinsson (en adelante, "señora Elvinsson"), la señora Fabiana Guimaraes Espíndola (en adelante, "señora Guimaraes") y el señor Fernando J. Calderón Juliá (en adelante, "señor Calderón") (en conjunto, "recurrentes"), mediante su *Revisión de Decisión Administrativa* presentada el 12 de diciembre de 2024. Nos solicitaron la revocación de la determinación emitida por el Departamento de Recursos Naturales y Ambientales (en adelante, "DRNA") el 8 de noviembre de 2024 y notificada el 12 de noviembre de 2024. Mediante este dictamen, el DRNA declaró no ha lugar a las solicitudes de reconsideración incoadas por los recurrentes, acogiendo así el

---

[1] Mediante la Orden Administrativa OATA-2025-002 emitida el 9 de enero de 2025, se designó al Juez Isaías Sánchez Báez en sustitución del Hon. Ricardo G. Marrero Guerrero.

Número Identificador
SEN2024_____

Informe del Oficial Examinador que recomendaba dejar sin efecto una certificación de deslinde de una zona marítimo terrestre.

Por los fundamentos que expondremos a continuación, se **revoca** la determinación de la agencia administrativa.

-I-

El 29 de diciembre de 2022, la compañía Azure Development, Inc. (en adelante, "Azure" o "recurrido") presentó ante el DRNA una solicitud de deslinde de una zona marítimo terrestre (en adelante, "ZMT") localizada cerca de su propiedad en el Municipio de Luquillo. El 31 de marzo de 2023, el agrimensor Benigno Rodríguez Burgos (en adelante, "agrimensor Rodríguez"), en representación de Azure, presentó un escrito con la evidencia de notificación a los colindante.[2] Sin embargo, la solicitud incoada, según los recurrentes quienes son residentes del Condominio Punta Bandera localizado en el Municipio de Luquillo, no les fue notificada, aunque son colindantes con la propiedad de Azure. Posteriormente, el 3 y 31 de mayo de 2023, el DRNA envió notificaciones por correo a las personas colindantes certificadas por Azure como propietarios colindantes.[3]

El 30 de agosto de 2024, notificado por el portal del DRNA el 4 de septiembre de 2024, el secretario de la agencia prestó su conformidad con la petición de deslinde de bienes de dominio público y ZMT.[4] Para el 29 de agosto de 2024, Azure ya había notificado a las personas previamente identificadas como colindantes sobre el deslinde.

El 24 de septiembre de 2024, la señora Elvinsson presentó su *Solicitud de Impugnación de Deslinde de Zona Marítimo Terrestre.*[5] Alegó la falta de notificación inicial a una colindante, lo cual incide sobre un requisito esencial del deslinde de ZMT, según los

---

[2] Apéndice de los recurrentes, Anejo II, págs. 21-25.
[3] *Íd.*, págs. 25-26.
[4] *Íd.*, anejo IV, pág. 90.
[5] *Íd.*, anejo II, págs. 3-29.

reglamentos correspondientes del DNRA. Especificó que no fue notificada en ninguna de las etapas del proceso y solicitó como remedio que la agencia declarara nulo *ab initio* el trámite cuestionado.

Similarmente, el 4 de octubre de 2024, la señora Guimaraes presentó su *Solicitud de Impugnación de Zona Marítimo Terrestre*.[6] Alegó que ni se les notificó a los titulares individuales del Condominio Punta Bandera ni a su Asociación de Condómines ni a su Consejo de Titulares, lo cual suponía una violación a su debido proceso de ley. Además, arguyó que las notificaciones no cumplieron con el requisito de que fuesen enviadas por correo certificado con acuso de recibo. Por último, abogó por la protección del medioambiente.

El Oficial Examinador acogió el recurso de impugnación el 8 de octubre de 2024 y le concedió a Azure y al DRNA 20 días para que estos contestaran.[7] El 11 de octubre de 2024, Azure presentó una *Moción en Contestación a Orden del 8 de octubre de 2024*.[8] En ella, solicitó que el caso fuese devuelto al DRNA para que se ordenara una nueva notificación de la certificación de deslinde a los propietarios colindantes.

El 11 de octubre de 2024, el Secretario Interino del DRNA pronunció una *Resolución* mediante la cual acogió el *Informe del Oficial Examinador* fechado al mismo día.[9] En esta, la agencia dejó sin efecto la *Certificación de Deslinde de Zona Marítimo Terrestre* emitida el 30 de agosto de 2024. Además, ordenó el archivo del caso de impugnación de deslinde por este advenir académico.

Inconforme, la señora Elvinsson presentó una *Reconsideración* el 25 de octubre de 2024.[10] Alegó que violaba su

---

[6] *Íd.*, anejo IV, págs. 75-98.
[7] *Íd.*, anejo V, págs. 99-101.
[8] *Íd.*, anejo X, págs. 113-116.
[9] *Íd.*, anejo XV, págs. 117-123.
[10] *Íd.*, anejo XII, págs. 124-136.

debido proceso: (1) el hecho de que no se declaró nulo *ab initio* el deslinde a pesar de las irregularidades en el proceso; (2) que la *Resolución* se pronunció sumariamente sin la celebración de una vista administrativa y sin la comparecencia del DRNA, una parte indispensable; (3) que el remedio otorgado fue inadecuado e incompatible con las notificaciones contrarias a derecho; (4) que se dictó un remedio sumario basado en admisiones insuficientes, y (5) la doctrina de academicidad no aplicaba porque la controversia seguía vigente y era susceptible a repetirse.

Asimismo, y en la misma fecha, la señora Guimaraes presentó su *Reconsideración*.[11] Alegó, adicional a los argumentos planteados por la señora Elvinsson, que la *Resolución* dictaminada infringía sobre los derechos fundamentales establecidos en los reglamentos de la agencia al no garantizar una notificación adecuada, la presentación de evidencia, la imparcialidad ante el proceso y una decisión fundamentada en el expediente administrativo. Solicitó que se celebrara una vista para evaluar los petitorios de reconsideración presentados por las recurrentes porque era su obligación tras disponer del caso sumariamente.

El 8 de noviembre de 2024, la agencia pronunció una *Resolución* notificada el 12 de noviembre de 2024.[12] Mediante esta, el Oficial Examinador declaró no ha lugar a las solicitudes de reconsideración presentadas por las recurrentes y acogió nuevamente el *Informe del Oficial Examinador*.

Insatisfechos aún, los recurrentes instaron su recurso de revisión administrativa ante esta curia el 12 de diciembre de 2024. En este, señalaron los siguientes errores:

> Erró y/o abusó de su discreción el Honorable Departamento de Recursos Naturales y Ambientales al dejar sin efecto la certificación del deslinde y no haber declarado nulo *ab initio* el trámite.

---

[11] *Íd.*, anejo XIII, págs. 137-143.
[12] *Íd.*, anejo XIV, págs. 144-146.

Erró y/o abusó de su discreción el Honorable Departamento de Recursos Naturales y Ambientales al declarar académicos los recursos presentados, al dejar sin efecto la certificación.

Erró y/o abusó de su discreción el Honorable Departamento de Recursos Naturales y Ambientales al haber resuelto una Moción de Reconsideración sin la celebración de una vista conforme al Artículo 29.

Por su parte, Azure presentó su *Oposición a [la] Revisión de [la] Decisión Administrativa y Solicitud de Desestimación por Prematuridad* el 20 de febrero de 2025 y posteriormente presentó su petitorio enmendado el 23 de abril de 2025.

Además, el Municipio de Luquillo presentó su *Réplica a Recurso de Revisión* el 29 de enero de 2025.

Asimismo, el DRNA presentó su *Escrito en Cumplimiento de Resolución* el 10 de febrero de 2025.

Examinada la revisión administrativa de autos y la totalidad del expediente, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Revisión administrativa**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. *Íd.*, sec. 9676. El propósito de tal disposición consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

En nuestro ordenamiento jurídico, se ha reiterado que, los tribunales apelativos conceden gran consideración y deferencia a las

determinaciones de las agencias debido a su vasta experiencia y conocimiento especializado. *Íd.,* pág. 114. Más aun, cuando estas determinaciones son interpretaciones de las leyes que administra la agencia en cuestión. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).

En cuanto a las determinaciones de hechos formuladas por las agencias administrativas, la LPAU establece que serán sostenidas si están basadas en evidencia sustancial contenida en el expediente administrativo. 3 LPRA sec. 9675. Por consiguiente, existe una presunción de legalidad y corrección que reviste a las determinaciones de hechos elaboradas por las agencias administrativas, salvo que la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 114; *OEG v. Martínez Giraud*, 210 DPR 79, 88-89 (2022); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019). En otras palabras, la parte que cuestiona las determinaciones de hechos de una agencia tiene que demostrar que el dictamen administrativo no está justificado por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004).

Por otro lado, la LPAU sostiene que las conclusiones de derecho realizadas por los foros administrativos serán revisables en todos sus aspectos. 3 LPRA sec. 9675. Esto es, el tribunal revisor no tiene que otorgarle deferencia a las conclusiones o interpretaciones de derecho formuladas por las agencias administrativas. *Vázquez v. Consejo de Titulares et al.*, 2025 TSPR 56, pág. 28; 215 DPR ___. Sobre esto, el tribunal revisor deberá ejercer un juicio independiente para determinar si la actuación de la agencia administrativa está dentro del marco de sus facultades estatutarias. *Íd.* Por ello, los tribunales deben armonizar, siempre que sea posible, todos los

estatutos y reglamentos administrativos involucrados para una solución justa de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 843 (2021).

Además, el tribunal revisor no dará deferencia a los procedimientos administrativos si al examinar el dictamen recurrido determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente, o (4) su actuación lesiona derechos constitucionales fundamentales. *Hernández Feliciano v. Mun. Quebradillas,* supra, pág. 114. Así pues, la revisión administrativa está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Moreno Lorenzo y otros v. Depto. Fam.*, supra, 839 (2021).

En síntesis, la LPAU establece que el tribunal revisor se ceñirá a evaluar lo siguiente: (i) si el remedio concedido fue apropiado; (ii) si las determinaciones de hecho están sostenidas por evidencia sustancial que obre en el expediente administrativo, y (iii) si se sostienen las conclusiones de derecho realizadas por la agencia. 3 LPRA sec. 9675.

**B. Deslinde y el Reglamento Núm. 4860**

El deslinde es, según nuestro Código Civil, "la operación por la cual se fijan los límites materiales de una finca que están confundidos". 31 LPRA sec. 8132. Cuando se desea deslindar un terreno colindante con una ZMT de dominio público, el proceso se debe llevar a cabo a través del DRNA.

El Artículo 3.1 (b) del Reglamento para el aprovechamiento, vigilancia, conservación y administración de las aguas territoriales, los terrenos sumergidos bajo estas y la zona marítimo terrestre (en

adelante, "Reglamento Núm. 4860") dispone lo siguiente sobre el inicio de un deslinde de una ZMT a solicitud de parte:

> En los casos de deslindes realizados a solicitud de parte, el peticionario, **notificará mediante carta certificada con acuse de recibo a los propietarios colindantes y al Municipio donde está ubicado el predio, sobre el inicio del proceso de deslinde**.
>
> [...]
>
> *El peticionario tendrá la obligación de someter evidencia del cumplimiento de lo anteriormente señalado ante el Departamento.*

Reglamento Núm. 4860 de 30 de diciembre de 1992, pág. 23. (Negrillas suplidas).

Asimismo, el Artículo 3.1 (g) del Reglamento Núm. 4860, *supra*, dictamina que se notificará de igual manera a los propietarios colindantes cuando el secretario de la agencia haya certificado el deslinde:

> Una vez el Secretario certifique el deslinde, el peticionario; y en el caso de deslindes incoados de oficio, el Departamento, **notificará dicho hecho a los propietarios colindantes y al Municipio donde está ubicado el predio. La notificación se hará mediante correo certificado con acuse de recibo y en el portal electrónico del Departamento**, en el cual se indicará el área que se midió, el propósito del deslinde, cualquier otra información que ayude a identificar la obra propuesta, si alguna y el término que tiene la ciudadanía para ofrecer información, emitir comentarios o presentar una acción para cuestionar el deslinde ante el Departamento.

*Íd.,* pág. 24. (Énfasis suplido).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En síntesis, los recurrentes alegaron que el DRNA incidió al dejar sin efecto la certificación de deslinde en vez de declararla nula *ab initio,* dado a que esta nunca existió debido a la falta de notificación por correo certificado de la petición de deslinde a los propietarios colindantes incoada ante la agencia. Adujeron que esto violenta sus derechos procesales. Argumentaron, además, que erró el foro administrativo al determinar que la impugnación advino

académica al dejar sin efecto la certificación referida porque esta controversia es susceptible a repetirse. Por último, plantearon que se le violentaron sus derechos al no haberse celebrado una vista administrativa para evaluar sus solicitudes de reconsideración luego de que el DRNA dispusiera del caso sumariamente. Los escritos presentados por el DRNA y el Municipio de Luquillo esbozan argumentos similares a los de los recurrentes.

Por su parte, Azure sostuvo que la *Resolución* emitida por el DRNA no es una final, sino que una que se emitió para que se notificara adecuadamente a los propietarios colindantes sobre la certificación del deslinde. Por ello, la revisión judicial instada ante este foro sería prematura. Asimismo, planteó que la notificación defectuosa se debió al hecho de que los recurrentes no habían realizado el correspondiente cambio de dueño a través del Centro de Recaudaciones Municipales (en adelante, "CRIM"). Por estos no actualizar sus datos en el CRIM, carecerían de legitimación activa bajo la doctrina de actos propios. Además, especificó que no hay un daño claro y palpable que sustente su legitimación activa en el caso.

Luego de examinar detenidamente el tracto procesal del caso y el marco legal aplicable, resolvemos que el DRNA erró al dejar sin efecto la certificación de deslinde sin decretar la nulidad del proceso *ab initio.* Veamos.

Según explicamos, el DRNA tiene la potestad de autorizar deslindes de terrenos aledaños a la ZMT. Cuando se presenta ante la agencia una solicitud de deslinde de esta índole, es deber del peticionario notificar este petitorio "mediante *carta certificada con acuse de recibo* a los **propietarios colindantes**". Artículo 3.1 (b) del Reglamento Núm. 4860, *supra,* pág. 23. (Énfasis suplido). Este deber de notificación tiene el propósito de que los propietarios colindantes, quienes se verían afectados si el secretario del ente gubernamental presta su anuencia sobre la solicitud luego del

proceso de vistas públicas y de evaluación por el Oficial Examinador, queden debidamente informados sobre ella y puedan participar del proceso antes de que se certifique el deslinde de la ZMT. Asimismo, el peticionario debe notificar a los propietarios colindantes luego de que el secretario del DRNA certifique el deslinde. *Íd.*, pág. 24.

Como es sabido, una agencia que actúa en contravención a sus propios estatutos lleva a cabo una acción *ultra vires* o ilegal. *Rivera Padilla v. OAT*, 189 DPR 315, 347 (2013). Aunque un error administrativo *puede*, pero *no tiene* que ser corregido, "[u]na actuación nula es inexistente, por lo que no genera consecuencias jurídicas. Dicho de otro modo, **lo nulo nunca tuvo eficacia alguna, nunca nació en derecho, nunca existió**". *Brown III v. J.D. Cond. Playa Grande*, 154 DPR 225, 239 (2001), citando a *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921 (2000). (Énfasis suplido).

En este caso, si bien el DRNA resolvió correctamente dejar sin efecto la *certificación* del deslinde de ZMT, lo cierto es que el DRNA erró al negar resolver, además, que Azure debió notificar a los recurrentes la solicitud de certificación o el inicio del proceso de deslinde de ZMT. Esta situación deja en incertidumbre a las partes y crea la concepción errónea de que Azure puede subsanar el error meramente renotificando la *certificación* final, sin que sea necesario notificar a los recurrentes el inicio del proceso de deslinde y garantizar la oportunidad a los recurrentes de participar en el proceso.

El hecho de que no se les notificó a todos los propietarios colindantes el inicio del proceso de deslinde de la ZMT instado por Azure, es un error que contraviene las disposiciones más básicas sobre la notificación contenidas en el Reglamento Núm. 4860, *supra.* Esto implica que esta actuación es una de naturaleza *ultra vires* que vició el procedimiento administrativo desde su origen. Nótese que no

se trata de un mero error administrativo, sino que este error incide directamente sobre el debido proceso de ley.

Vale señalar que, el DRNA sostuvo ante nos que "la falta de notificación a los colindantes del inicio de un proceso de deslinde de la ZMT que exige el Artículo 3.1(B) del Reglamento Núm. 4860 impone declarar nulo *ab initio* dicho proceso".[13]

En consecuencia, la ***solicitud* de deslinde de ZMT radicada por Azure es nula *ab initio* por incumplir con los preceptos reglamentarios del DRNA** y por violentar el debido proceso de ley de los propietarios colindantes, quienes tienen derecho a estar informados y participar efectivamente del proceso. Colegimos, pues, que el primer error apuntalado se cometió y que es innecesario discutir el resto de los errores planteados.

### -IV-

Por los fundamentos que anteceden, se **revoca** la determinación del Departamento de Recursos Naturales y Ambientales y se declara nulo *ab initio* el proceso de la certificación de deslinde de la zona marítimo terrestre.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Véase, *Escrito en Cumplimiento de Resolución,* presentado el 10 de febrero de 2025 por el DRNA, por conducto de la Oficina del Procurador General, págs. 10-12.